NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN RODRIGUEZ RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 18-73240 <br><br> Agency No. <br> A209-823-530 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.
Concurrence by Judge VANDYKE.

Petitioner Juan Rodriguez Rodriguez petitions for review of the Board of
Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's
(IJ) denial of withholding of removal and relief under the Convention Against
Torture (CAT). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA provides its own reasoning, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended). Ordinarily, the BIA's decision on a due-process challenge is a legal issue that we review de novo. *See Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). Under the substantial-evidence standard, we reverse a factual finding only if "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal quotation marks and citation omitted).

***Adverse Credibility.*** Petitioner argues that the IJ violated his due-process right to a full and fair hearing when the IJ failed to state that he found Petitioner not credible during the IJ's initial announcement of his decision at the end of the hearing. However, like the BIA, we assume that Petitioner was credible. We therefore do not address Petitioner's due-process claim because, given this assumption, no prejudice could result from the IJ's failure to state its adverse-credibility finding during the initial announcement of decision. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). We also do not address Petitioner's challenge to the IJ's adverse-credibility finding because it was not a basis for the BIA's decision. *See Garcia v. Wilkinson*,

988 F.3d 1136, 1142 (9th Cir. 2021). ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

***Withholding of Removal.*** Petitioner argues that the BIA erred by concluding that his proposed family-based social group was not the basis for the threats that he received. Substantial evidence supports the BIA's conclusion. The record demonstrates that the threats were based on an interpersonal dispute between Petitioner and his stepdaughter's husband related to the husband's domestic violence, not their family status. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (explaining that a personal dispute, standing alone, does not establish the basis for a withholding-of-removal claim).

***CAT Relief.*** Petitioner also argues that the BIA erred by determining that his experience with gang violence in 1998 and 1999 did not constitute past torture in Guatemala. Petitioner does not provide any support for his conclusory argument, and in any event, the assaults he suffered at the hands of gang members neither rise to the level of torture required for a CAT finding nor establish a past or future likelihood of government acquiescence to torture. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022).

Finally, Petitioner argues that the BIA erred by failing to consider his contradictory evidence showing a likelihood of torture. While Petitioner's country-conditions reports demonstrate the presence of significant human-rights concerns in

Guatemala, they do not compel the conclusion that *Petitioner* would be tortured if removed. *See, e.g.*, *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) (as amended). In fact, the report on which the agency relied shows that the Guatemalan government prohibits torture and that the police, while often ineffective and underfunded, are involved in anti-gang operations. Accordingly, substantial evidence supports the BIA's determination that the Guatemalan government would not acquiesce to any alleged gang torture that Petitioner fears.

**PETITION DENIED.**

*Juan Rodriguez Rodriguez v. Pamela Bondi*, No. 18-73240
VANDYKE, Circuit Judge, concurring in the result:

I concur in the result.

FILED

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS